IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-60200
Summary Calendar

_____

GARY A. STAATS,

Plaintiff-Appellant,

versus

SHIRLEY S. CHATER,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:95-CV-28-LN
- - - - - - - - - -
September 17, 1996

Before Judges WISDOM, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary A. Staats appeals the district court's decision affirming the Commissioner of Social

Security's determination that Staats was not entitled to disability insurance benefits under 42

U.S.C. § 405(g). Staats raises four issues on appeal. First, Staats argues that the Administrative

Law Judge (ALJ) improperly used the Medical-Vocational Guidelines, rather than relying on

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in Local Rule
47.5.4.

vocational expert testimony. Second, Staats argues that there was not substantial evidence to support the ALJ's finding of no disability. Third, Staats argues that the ALJ erred in giving no weight to a report from Staats's regular treating physician. Fourth, the Appeals Council erred in not considering new evidence submitted with Staats's request for review.

The scope of review applicable to this case is limited to determining whether the findings of the Commissioner are supported by substantial evidence, and whether the Commissioner applied the proper legal standard.[1] This Court has carefully reviewed the record in this case and the briefs of the parties. Our review reveals no error. First, The ALJ's finding that Staats's nonexertional impairments did not affect his residual functional capacity for the full range of sedentary work is supported by substantial evidence, therefore, the ALJ was entitled to rely exclusively on the Medical-Vocational Guidelines.[2] Second, the medical records from the treating physician contained only a few objective findings, and these findings primarily concerned treatment after the expiration of Staats's insured status, therefore, the ALJ properly gave them no weight.[3] Third, the Appeals Council carefully considered the new evidence submitted by Staats and found no basis for changing the ALJ's decision. Staat's assertion that this evidence was not considered has no basis in fact.

Accordingly, the decision of the district court is **AFFIRMED.**

---

[1] *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994), cert. denied, 115 S. Ct. 1984 (1995).

[2] *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).

[3] *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994), cert. denied, 115 S. Ct. 1984 (1995); *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985).